[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant Florence Roth moves for summary judgment as to the plaintiff's claim that she, along with defendant Diane Candelora, entered into and then breached a contract with the plaintiff.
In support of her motion, defendant Roth refers to deposition testimony by the plaintiff to the effect that Roth's promise to pay the plaintiff for recovery certain assets was not made in a conversation between Roth and the plaintiff.
Clearly, the plaintiff may prove her claim of creation of a contract by proof other than her own testimony and other than by reciting a direct conversation with Roth.
Summary judgment is to be granted only "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of any material facts and that the moving party is entitled to judgment as a matter of law." Section 384 P.B., Connell v. Colwell, 214 Conn. 242, 246
(1990).
The movant here has merely identified one source of CT Page 4647 testimony from which evidence of a contract is not likely to originate. A showing that proof is not forthcoming from one potential witness does not constitute a showing of the lack of a genuine issue of fact, especially since Roth herself has filed no affidavit denying the existence of the alleged agreement.
The motion for summary judgment is denied.
The plaintiff has moved for counsel fees in connection with her opposition to this motion. She identifies no source of such a right either by statute, by provision of the Practice Book or otherwise, and the American Rule as to counsel fees is that in the absence of some provision for fee-shifting, a party bears her own fees.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT